KAYE SCHOLER LLP
Attorneys for Boeing Corporation
425 Park Avenue
New York, New York 10022
(212) 836-8000
Richard G. Smolev (RS 2222)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------
In re                                                                )
                                                                         )
                                                                         )   An Ancillary Case Under
                                                                         )   Section 304 of the Bankruptcy Code
                                                                         )
PETITION OF VICENTE CERVO,                    )   Case No. 05-14400 (RDD)
AS FOREIGN REPRESENTATIVE OF             )
OF VARIG, S.A., *et al.,*                                )   through 05-14402 (RDD)
                                                                         )
       Debtors in Foreign Proceedings.             )   Jointly Administered
                                                                         )
---------------------------------------------------------

## OBJECTION OF THE BOEING COMPANY
## TO TEMPORARY RESTRAINING ORDER

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

   The Boeing Company ("Boeing"), by and through its undersigned counsel, Kaye Scholer LLP, for its objection (the "Objection") to the continuation of the Temporary Restraining Order entered on June 17, 2005 ("TRO"), which, among other things, would preclude Boeing from taking action against aircraft owned by Boeing and leased to Varig, S.A. ("Varig"), and its affiliates, Rio Sul Linhas Aereas S.A. and Nordeste Linhas Aereas S.A. (collectively, the "Foreign Debtors"), states as follows:

**PRELIMINARY STATEMENT**

   1.      The filing of the instant 304 proceeding is premature and thus invalid. The New Bankruptcy and Restructuring Law of Brazil, which became effective on June 9, 2005 (Law No.

11101 of February 9, 2005) (the "NBRL"), contemplates a process under which a proposed debtor files detailed papers as part of its initial petition. The requirements for such papers is delineated in Section 51 of the NBRL. Under the NBRL, the judge grants the processing of the judicial recovery only after all of the requisite papers are filed and the filing pursuant to Section 51 is completed. (*See* NBRL, §51). The Foreign Debtors' filings in Brazil were deficient and thus they have failed to comply with the requirements of Section 51. Moreover, Vincente Cervo is referred to as the "Foreign Representative," but he has not been approved by the Brazilian Court pursuant to section 52.I. (*See* NBRL, § 51). Therefore, the instant 304 proceeding is a nullity because the underlying *valid* foreign proceeding and foreign representative required under 11 U.S.C. § 304(a) are totally absent herein.

  2. Even if Varig can get past those points, Article 199 of the Law of Judicial Recovery does not suspend the rights resulting from mercantile leases relating to aircraft. The Brazilian Court that granted the injunction did not find that the Varig aircraft leases are outside that definition. Therefore, the terms of the proposed TRO are extremely prejudicial to Boeing because its rights are unfairly restrained simply because they are subject to the jurisdiction of this Court. Under applicable Brazilian law even if the Foreign Debtors' proceeding is allowed to go forward, Boeing would not otherwise be constrained and it could otherwise exercise its rights to, among other things, repossess its aircraft. Therefore, Boeing is unfairly prejudiced by the TRO simply because it is a U.S. creditor.[1]

---

[1] Boeing hereby reserves its rights to raise all other additional arguments concerning how its rights are unfairly prejudiced by the overbroad terms of the TRO.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this District is proper pursuant to 28 U.S.C. § 1410. The statutory predicates for the relief requested herein are sections 105(a) and 304 of the Bankruptcy Code and Fed. R. Bankr. P. 7065 and Fed. R. Civ. P. 65.

## BACKGROUND

4.  Boeing (through a series of affiliates) is party to eleven current operating leases with Varig, (and other leases for which the aircraft has been returned) as described on Exhibit A (the "Leases"). On June 17, 2005 (the "Filing Date"), the Foreign Debtors filed incomplete applications for the commencement of reorganization proceedings pursuant to the NBRL in 8th Commercial Bench in Brazil (the "Brazilian Court"). In connection with seeking relief under the NBRL, the Varig Board of Directors passed a resolution appointing Vincente Cervo -- who is an officer of the Foreign Debtors -- as their "Foreign Representative" with the directions to, among other things, apply to this Court for relief. On June 17, 2005, based on the applications for the commencement of reorganization proceedings -- which are deficient under Section 51 of the NBRL -- Mr. Cervo filed petitions for relief, on behalf of each of the Foreign Debtors, pursuant to section 304 of the Bankruptcy Code (the "Petition") with the Clerk of this Court. Mr. Cervo simultaneously filed a motion for the entry of a temporary restraining order.

5.  As a result, this Court entered the TRO on June 17, 2005. The TRO provides, *inter alia*, that

> "no suit, action, enforcement process, extra-judicial proceeding or other proceeding (including a proceeding in any court, statutory or otherwise) (collectively, a "Proceeding"), or claim or demand for reclamation, against or in respect of any aircraft leased by a Foreign Debtor whether in the possession of the Foreign Debtor or subleased to another entity shall be commenced and any and all

Proceedings against or in respect of any aircraft leased by a Foreign Debtor already commenced, be and are hereby stayed and suspended...."
*See* TRO at p. 3.

6. The objection deadline with respect to the relief provided under the TRO is June 20, 2005 at noon. As more fully set forth below, Boeing hereby objects to the TRO and seeks relief from any such order that may be entered by this Court.

## **ARGUMENT**

### I. **THE SECTION 304 PROCEEDINGS ARE PREMATURE AND INVALID**

7. Boeing objects to the attempted filing of the ancillary case and to the relief requested in the TRO as premature. Section 51 of the Brazilian bankruptcy law details the process under which a party may seek protection in the Brazilian courts. (*See* NBRL, §51). That section contemplates a detailed filing of, i*nter alia*, the following:

(i) Financial statements of the last three years consisting of a. balance sheet; accumulated profits and loss statements regarding the last 3 years; a profit and loss statements of the last fiscal year; and d. a management report with cash flow and its future projections;

(ii) Complete lists of creditors classified according to the value and origin of the credit, the nature of the credit, address and updated amount, due date and indication of the accounting entries of each and all outstanding transaction;

(iii) List of employees including reference to function, salary, indemnification amounts and other amounts owed to them and the respective due dates;

(iv) corporate documents consisting of certificates of the Registry of Commerce and update corporate information regarding current managers of the company;

(v) list of assets of the controlling shareholders as well as of managers;

(vi) updated bank account statements;

(vii) protest clearance certificates; and

(viii) list of all lawsuits where the company appears as a either plaintiff or defendant, with indication of the contingent amounts.

*See* NBRL, §51.

8.  Once that filing is completed, the judge grants the processing of the judicial recovery and nominates a judicial administrator to oversee the process. The Foreign Debtors did not file all of the papers required to allow a judge to grant the request contemplated by the law and thus no grant to proceed or appointment of a judicial administrator has yet been made.

9.  Although Vincente Cervo refers to himself as the Foreign Representative, he has not been appointed by the Brazilian Court. Rather, the Varig board of directors appointed him to act on their behalf. Because Varig faced the immediate prospect of having several of its aircraft repossessed, Mr. Cervo undertook to act as though he had been appointed by the court. However exigent Varig's circumstances, the law is quite clear on what steps are taken to initiate a bankruptcy under the new law and how the judicial administrator is appointed. Section 21 of the NBRL requires that the judicial administrator by a reliable professional, who once appointed can not be substituted without justice authorization. Mr. Cervo has not been so appointed.

II. **IMPOSITION OF THE TRO IS INAPPROPRIATE BECAUSE IT UNFAIRLY PREJUDICES BOEING'S RIGHTS EXISTING UNDER BRAZILIAN LAW**

10.  Even if Varig could overcome these obstacles, preventing Varig's lessors from exercising rights under their leases goes beyond any relief available to debtors under the Brazilian law. Sole paragraph 199 of the Law of Judicial Recovery provides: "*under no circumstance the exercise of rights resulting from aircraft and aircraft parts mercantile lease agreements will be suspended.*" *See* Article 199 of Law of Judicial Recovery (emphasis added). This means that aircraft lesssors such as Boeing could demand seizure of the aircraft and payment of amounts owed by Varig under Brazilian law. In order to avoid repossession of the

equipment and also the initiation of collection lawsuits, Varig has disingenuously argued that the Leases are not "*mercantile lease contracts*".

11. Specifically, in seeking the injunction in front of the 8th Commercial Bench in Brazil last Friday, Varig acknowledged that Article 199, sole paragraph, of the Law of Judicial Recovery "excludes from its control the exercise of rights which derive from mercantile (commercial) leasing contracts relating to aircraft or their parts." Varig then argued that its contracts with its lessors are not mercantile contracts, citing one provision of Article 137 of the Brazilian Aeronautics Code, to take its leases with foreign lessors out of the exclusion of Article 199 because they do not have options to purchase. Exhibit B, Paragraphs 8 through 11 to Bermudes Declaration.

12. Varig neglected to point out to the Brazilian court and to this Court that other provisions of Article 137 apply to leases with a lessor that is neither incorporated in or subject to Brazilian law provide that those leases may be considered mercantile leases even without the existence of a purchase option:

> Art. 137. The mercantile lease must be registered with the Brazilian Aeronautic Registry, by means of a public deed or a private instrument, with the following elements:
> (...)
> § 2nd. The respective contracts may contain clauses and conditions which are usual in the international lease transactions, provided such clauses do not contravene Brazilian Federal Constitution or the provisions of this Code."

*See* Article 137 of the Brazilian Aeronautics Code.

13. Although Varig now argues (as it must to attempt to take them out of the exclusion of Article 199) that its leases with international lessors are not mercantile leases, it classified all of its contracts with its foreign lessors under the title "arrendamento mercantil"

(mercantile leasing contracts) in its 2004 annual report.[2] Boeing will provide the testimony of Marcos Kawamura, Boeing's Brazilian attorney, this afternoon to support of the foregoing points to the extent necessary. Varig can not now attempt to change the definition or the character of those leases because of the situation in which it finds itself.

14. Moreover, Mr. Cervo failed to advise this Court that four of the Boeing Leases have options to renew which bring them within the narrow definition advanced by the Foreign Debtors.

15. Furthermore, to permit the TRO to remain in effect would unfairly prejudice Boeing and contravene the policies underlying Section 304 of the Bankruptcy Code. Section 304 of the Bankruptcy Code affords a court discretion to make appropriate orders in support of a foreign insolvency proceeding by taking into consideration all of the circumstances of each particular case. *See Vesta Fire Ins. Corp. v. New Cap Reinsurance Corp.*, 244 B.R. 209, 213 (S.D.N.Y. 2000); *In re Ionica*, 241 B.R. 829, 834 (Bankr. S.D.N.Y. 1999). Therefore, courts evaluate whether section 304 relief is appropriate in a case-specific manner, rejecting the application of mechanistic rules or process. *In re Treco*, 240 F.3d 148, 156 (2d Cir. 2001); *In re YMB Magnex Int'l, Inc.*, 249 B.R. 402, 408 (Bankr. E.D. Pa. 2000); H.R. Rep. No. 95-595, at 324-25 (1977).

16. Section 304 proceedings help to centralize competing litigations before the foreign court handling the foreign debtor's insolvency proceeding and to accommodate its extraterritorial effect within the United States; however, the protection of U.S. creditors' rights is critically important in determining whether and what relief may be appropriate. *In re Petition of Garcia Avila*, 296 B.R. 95, 107 (Bankr. S.D.N.Y. 2003); *In re Gee*, 53 B.R. 891, 896 (Bankr. S.D.N.Y. 1985). A section 304 proceeding is intended to protect the interests of creditors,

---

[2] Relevant portions of Varig's 2004 annual report are annexed hereto as Exhibit B.

including: a) their just treatment, b) the protection of U.S. creditors in particular against prejudice and inconvenience in the processing of claims in the foreign proceeding, c) the prevention of preferential or fraudulent dispositions of property, and d) ensuring distribution of proceeds substantially in accordance with the Bankruptcy Code. 11 U.S.C. § 304(c); H.R. Rep. No. 95-595, at 324-24 (1977).

17. An injunction granted under section 304, like the automatic stay under Bankruptcy Code section 362, may be modified "to do justice in particular circumstances." *See In re Board of Directors of Hopewell Int'l Ins., Ltd.*, 281 B.R. 200, 208 (Bankr. S.D.N.Y. 2002); *In re Banco Nacional de Obras y Servicios Publicos, S.N.C.*, 91 B.R. 661, 664 (Bankr. S.D.N.Y. 1988). As one court has noted, "just as the automatic stay may apply to situations or actions that bear no relationship to its purpose so that the stay should be modified, terminated, annulled or conditioned for cause . . . it may be necessary after a 304 case is filed and relief granted to tinker with that relief to do justice in particular circumstances." *Id.*

18. In prohibiting the commencement of any Proceeding (as defined in the TRO) against the Foreign Debtors, the TRO contravenes the intended scope and policies underlying section 304 of the Bankruptcy Code for at least two reasons. First, the Preliminary Injunction violates the principle of equal treatment of all similarly situated creditors because it prejudices U.S. creditors, such as Boeing. Second, because the purpose of Bankruptcy Code section 304 is to enable a foreign debtor to administer assets in this country, the application of the TRO is impermissibly broad in scope.

19. Boeing, like all U.S. creditors, is unfairly prejudiced by the extraterritorial application of the TRO – a result that flies in the face of the underlying purposes of section 304 of the Bankruptcy Code. Simply stated, it is unfair that Boeing may not pursue the Foreign

Debtors without obtaining relief from the TRO because it is subject to the jurisdiction of this Court, while other creditors not subject to the jurisdiction of this Court are not saddled with this restraint. More importantly, the TRO seeks to take away Boeing's otherwise valid rights under Brazilian law. Such disparate treatment of U.S. creditors versus non-U.S. creditors violates the principle of just treatment of all creditors contained in section 304(c)(1) of the Bankruptcy Code. It is necessary for this Court to "tinker with" the terms of the TRO to remedy the prejudice to U.S. creditors versus non-U.S. creditors insofar as the commencement of actions against the Foreign Debtors is concerned. *See Banco Nacional de Obras y Servicios Publicos, S.N.C.*, 91 B.R. 661, 669 (Bankr. S.D.N.Y. 1988) ("[I]t may be necessary after a 304 case is filed and relief granted to tinker with the relief to do justice in particular circumstances.").

## WAIVER OF MEMORANDUM OF LAW

20. Boeing respectfully requests that the requirement under Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of this Objection be waived, because the authorities relied upon by Boeing for the relief requested are set forth herein. Boeing reserves the right to file a memorandum of law in response to any reply to this Objection.

21. No previous application for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, Boeing respectfully requests that the TRO (i) be vacated or, in the alternative, (ii) that Boeing be granted relief from the TRO to commence proceedings against the Foreign Debtors or to take other action with respect to the aircraft under the Leases; and (iii) granting Boeing such other and further relief as is just and proper.

Dated: New York, New York
      June 20, 2005

      KAYE SCHOLER LLP

      By: /s/Richard G. Smolev
         Richard G. Smolev (RS 2222)
         Member of the Firm
         425 Park Avenue
         New York, New York 10022-3598
         (212) 836-8000

      Attorneys for Boeing Corporation