UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |  |
|---|---|---|
| In re | ) | An Ancillary Proceeding Under |
|  | ) | Section 304 of the Bankruptcy Code |
|  | ) |  |
| PETITION OF VICENTE CERVO, | ) | Case No. 05-14400 (RDD) |
| AS FOREIGN REPRESENTATIVE OF | ) |  |
| OF VARIG, S.A., *et al.,* | ) | through 05-14402 (RDD) |
|  | ) |  |
| Debtors in Foreign Proceedings. | ) | Jointly Administered |

_____

## TEMPORARY RESTRAINING ORDER

Upon consideration of the motion (the "Motion") of petitioner, Vicente Cervo

("Petitioner"), selected as Foreign Representative of Varig, S.A., Rio Sul Linhas Aereas S.A. and

Nordeste Linhas Aereas S.A. (collectively, the "Foreign Debtors") in proceedings (the "Foreign

Proceedings") pending in the Commercial Bankruptcy and Reorganization Court in Rio de

Janiero, Brazil (the "Brazilian Court"), pursuant to, and in furtherance of the New Bankruptcy

and Restructuring Law of Brazil (the "NBRL"), for a temporary restraining order (the "TRO")

pursuant to sections 304 and 105(a) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

Rule 65(b) of the Federal Rules of Civil Procedure; and the Court having considered and

reviewed the petitions filed in these cases under section 304 of the Bankruptcy Code (the

"Petitions"), the Motion, the Declaration of Vicente Cervo, the Affidavit of Sergio Bermudes,

one of the Brazilian attorneys for the Foreign Debtors, and all of the exhibits annexed thereto and

the Memorandum of Law in Support of Motion of Foreign Representative for Injunctive Relief;

and upon the responses filed opposing the TRO by International Lease Finance Corporation and

the Boeing Company (the "Objections"), as well as the oral opposition of Goodrich Corporation and of the indenture trustee for US Bank and Wells Fargo; and the Court having held an evidentiary hearing and heard argument by counsel on June 20, 2005; and notice of the Motion having been provided to (i) counsel for the Office of the United States Trustee for the Southern District of New York; (ii) persons believed by Petitioner to be potential United States creditors of the Foreign Debtors; (iii) any known lessor of aircraft, or any part thereof, and (iv) counsel appearing in these cases; and based upon the foregoing, and for the reasons set forth in the Court's bench ruling at the conclusion of the hearing, the Court finds and concludes as follows in each case, for the limited purpose of the relief granted herein:

1. Petitioner has demonstrated a reasonable probability of success on the merits of the contentions that (i) the Foreign Debtors are subject to foreign proceedings, as that term is defined in section 101(23) of the Bankruptcy Code; (ii) Petitioner is the foreign representative of the respective Foreign Debtors, as that term is defined in section 101(24) of the Bankruptcy Code; and (iii) the grant of relief will best assure the economical and expeditious administration of the Foreign Proceedings, consistent with the relevant factors set forth in section 304(c) of the Bankruptcy Code.

2. Petitioner has further demonstrated that: (i) absent the requested injunctive relief, the Foreign Debtors will be irreparably harmed; (ii) the TRO should be granted to maintain the status quo and to provide the Foreign Debtors with a "breathing spell" to prevent, initially, aircraft lessors and, subsequently, any creditor of the Foreign Debtors from gaining a preference while the Foreign Proceedings are pending and to implement the reorganization process in the Foreign Proceedings as more fully described in the Sergio Bermudes Affidavit; (iii) absent immediate injunctive relief, there is a serious risk that creditors will commence actions against

the Foreign Debtors in the United States or elsewhere, or will attempt to seize or attach assets of the Foreign Debtors in the United States or elsewhere; (iv) the relief requested will not cause undue hardships to parties that are not outweighed by the benefits thereof; and (v) the grant of the requested relief is in the public interest and supported by considerations of comity.

3. Notice of the Motion was due and adequate under the circumstances. NOW, THEREFORE, IT IS:

ORDERED, that pending the conclusion of the hearing on and determination of Petitioner's Motion for a Preliminary Injunction Order:

(1) no suit, action, enforcement process, extra-judicial proceeding or other proceeding (including a proceeding in any court, statutory or otherwise) (collectively, a "Proceeding"), or claim or demand for reclamation, against or in respect of any aircraft, or any part thereof, owned or leased by a Foreign Debtor whether in the possession of the Foreign Debtor or subleased to another entity, shall be commenced; and any and all Proceedings against or in respect of any aircraft, or any part thereof, owned or leased by a Foreign Debtor already commenced, be and are hereby stayed and suspended, *provided* that the injunctive relief in this order shall not exceed the scope of any injunction issued by, or stay as applied by, the Brazilian Court or any subsequent order modifying, superseding, or supplementing such relief; and

(2) without limiting the foregoing, all persons shall be enjoined from taking any action that would be in violation of the Order entered by the Brazilian Court on June 17, 2005 in the Foreign Proceedings, or as superseded or supplemented by any subsequent Order of the Brazilian Court; and it is further

ORDERED, that any person may exercise only such rights of set off as are permitted under the NBRL as of the date of the commencement of the Foreign Proceeding as and to the

extent permitted in the Foreign Proceeding, but may not exercise any further or additional rights of setoff; and it is further

ORDERED, that the scope of the injunctive relief provided in this order shall be automatically reduced to the extent of any reduction or modification by the Brazilian Court of any injunction or stay in the Foreign Proceeding; and it is further

ORDERED, that service of this TRO by hand delivery, facsimile or express mail for overnight delivery shall be commenced within one (1) day of its entry upon (a) the Office of the United States Trustee for the Southern District of New York; (b) persons believed by Petitioner to be potential United States creditors of the Foreign Debtors and any known lessor of aircraft or any part thereof; and (c) upon counsel appearing in these cases; and it is further

ORDERED, that service pursuant to the preceding paragraph shall be deemed good and sufficient service and adequate notice of this TRO and of Petitioner's Motion for a Preliminary Injunction Order; and it is further

ORDERED, that a hearing will be held before the Honorable Robert D. Drain, in the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on June 27, 2005 at 10:00 a.m., or as soon thereafter as counsel can be heard, to consider Petitioner's Motion for a Preliminary Injunction Order on substantially the terms of this TRO, with such Preliminary Injunction Order to be consistent with the orders entered in the Foreign Proceeding; and it is further

ORDERED, that any objections to Petitioner's Motion for a Preliminary Injunction Order must be in writing, filed with this Court and served upon the following: (i) Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, New York 10036 (Attn: Rick B. Antonoff,

Esquire), with a copy e-mailed to Chambers, so as to be received on or before June 26, 2005; at

4:00 p.m. (the "Objection Date"); and it is further

ORDERED, that the Foreign Debtors and Petitioner may serve the Notice of Ancillary

Proceedings, Entry of Temporary Restraining Order and Hearing on Preliminary Injunction in

substantially the form annexed hereto as Exhibit "A" on the parties specified in Bankruptcy Rule

1010 in lieu of the Summons and Petition for each of the Foreign Debtors.

Dated:  New York, New York
        June 20, 2005
        4:30 p.m.

                              ____/s/ Robert D. Drain_____
                              UNITED STATES BANKRUPTCY JUDGE